IRVING, J.,
CONCURRING IN PART, DISSENTING IN PART:
¶ 20. I agree with my colleagues that this case must be reversed and remanded for the reasons stated in the majority opinion. However, I disagree with that portion of the opinion which requires, on remand, the joinder of the maternal grandparents. I also think it not expedient that we comment on the appointment of a guardian ad litem since neither our adoption statutes nor our case law requires such an appointment.
¶ 21. The majority relies on Rule 19(a)(2) of M.R.C.P. and Miss.Code Ann. § 93-17-5(1) (Supp.1998) as authority for its holding that the maternal grandparents should have been joined as parties to this adoption action.
¶ 22. First, it should be pointed out that the rules have only limited applicability to adoption proceedings, and the statutes providing procedures and requirements for adoptions govern to the extent the rules of civil procedure may be in conflict. *860 M.R.C.P. 81. The statute which provides who must be made parties to adoptions is Miss.Code Ann. § 93-17-5(1) (Supp.1998). The applicable portion of that statute provides that “any person to whom custody of such child may have been awarded by a court of competent jurisdiction of the State of Mississippi” shall be made a party to the adoption. Miss.Code Ann. § 93-17-5(l)(c)(ii) (Supp.1998) (emphasis added). The majority reasons that since the maternal grandparents had filed a petition for custody before the petition for adoption was filed, they should have been joined in the petition because under the quoted statute they may have been awarded custody and they claimed an interest in the subject of the adoption action by virtue of their seeking custody of the child who was the object of the adoption petition. The problem with this reasoning is that the statute requires only persons who may have been awarded custody, not persons who may be awarded custody, be made parties to the adoption proceeding. The verb phrase, “may have been awarded” is the present perfect tense of the indicative mood of the verb “award”, not the future tense. The present perfect tense of a verb expresses an action began in the past and continuing in the present. The use of the auxiliary verb “may” in the quoted verb phrase may at first blush appear to connote some future action because it expresses a certain measure of likelihood or possibility of an action. However, when read in the context of the entire verb phrase, it simply expresses some action which could have commenced in the past. The direct object of the verb phrase “may have been awarded” is “custody”. Therefore, unless the maternal grandparents had already been awarded custody, with the custody remaining in place at the time the adoption petition was filed, no joinder of them was required, and none should be required on remand.
¶ 23. Secondly, I believe our role is limited to determining whether an action has been tried in accordance with applicable rules, principles of law, precedent, controlling statutes, and the United States and Mississippi constitutions where applicable. I believe we should refrain from commenting on matters or offering advice to trial judges on remand unless such comment or advice is necessary to avoid error on remand. Our law does not require the appointment of a guardian ad litem in this case, and the chancellor cannot be found in error for failing to appoint one. Therefore, I would leave it to his sole discretion without suggestions from this court.